## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DARRYL HARRELL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-401** |
| **MARLIN GUSMAN, et al.** | **SECTION "G"(3)** |

## <u>ORDER AND REASONS</u>

Before the Court are Plaintiff Darryl Harrell's ("Plaintiff") "Motion for Summary Judgment"[1] and his objections to the Report and Recommendation of the United States Magistrate Judge assigned to the case.[2] Plaintiff, a state prisoner formerly housed in Orleans Parish Prison, filed a complaint pursuant to 42 U.S.C. § 1983 against Sheriff Marlin Gusman, "Mr. Lopez," "Ms. Turner," "Ms. Weaver," Bonita Pittman, and "Ms. Clayton," challenging the conditions of his confinement within the prison.[3] The Magistrate Judge issued a Report and Recommendation, recommending that the Court deny Plaintiff's motion for summary judgment, and dismiss Plaintiff's claims with prejudice.[4] In response, Plaintiff filed a third amended complaint.[5] On March 18, 2016, with leave of Court, Plaintiff filed objections to the Report and Recommendation.[6] After reviewing the complaint, the amended complaints, the Magistrate Judge's Report and Recommendation,

---

[1] Rec. Doc. 29.

[2] Rec. Doc. 42.

[3] Rec. Doc. 4.

[4] Rec. Doc. 32 at 14–15.

[5] Rec. Doc. 37.

[6] Rec. Doc. 42. The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). The clerk of court filed Plaintiff's objections into the record on March 23, 2016. Plaintiff dated his signature on the objections on March 18, 2016.

Plaintiff's objections, the record, and the applicable law, for the following reasons, the Court will overrule Plaintiff's objections, adopt the Report and Recommendation, deny Plaintiff's motion for summary judgment and dismiss Plaintiff's claims with prejudice.

## I.  Background

### A.  *Factual and Procedural Background* [7]

On March 4, 2015, Plaintiff filed a complaint against Sheriff Marlin Gusman, "Mr. Lopez," "Ms. Turner," "Ms. Weaver," Bonita Pittman, and "Ms. Clayton," challenging the conditions of his confinement within the prison.[8] Defendants answered Plaintiff's complaint on March 10, 2015.[9] On March 12, 2015 and March 24, 2015, Plaintiff filed a first amended complaint and second amended complaint.[10]

In his complaint, Plaintiff asserts that he was provided inadequate medical care for asthma and other ailments including "mild throat, chest pain, stomach ache."[11] In his amended complaint, Plaintiff avers that there was inadequate security at the prison, with deputies often leaving their post.[12]

---

[7] The following background derives from Plaintiff's complaint, and the Court will consider his allegations as true for the purpose of considering Plaintiff's objections.  On April 1, 2015, the Magistrate Judge conducted hearings pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). The purpose of the *Spears* Hearing is to ascertain what it is the prisoner alleges to have occurred and the legal basis for the claims. The information elicited at the hearing is in the nature of an amended complaint or a more definite statement under Fed. R. Civ. P. 12(e). *Wilson v. Barientos*, 926 F.2d 480, 482 (5th Cir. 1991).

[8] Rec. Doc. 4.

[9] Rec. Doc. 10.

[10] Rec. Docs. 17 and 21.

[11] Rec. Doc. 4 at 3.

[12] Rec. Doc. 21 at 1, 11.

The Magistrate Judge conducted a *Spears* hearing with the parties on April 1, 2015.[13] At the *Spears* hearing, Plaintiff testified that the prison is unclean with mold, rust and dusty air vents.[14] He also asserted that he was initially only provided one "jumper" when he entered the prison.[15]

On April 1, 2015, Plaintiff filed a motion to voluntarily dismiss his case,[16] which the Court denied because Plaintiff subsequently represented that he wished to proceed with this litigation.[17] On May 4, 2015, Plaintiff filed a motion for summary judgment.[18] On May 13, 2015, the Magistrate Judge issued a Report and Recommendation recommending that the Court deny the motion for summary judgment and dismiss Plaintiff's claims.[19]

Following the issuance of the Report and Recommendation, Plaintiff filed a third amended complaint, which expands on the claims previously raised.[20] Plaintiff alleges that he "could have contracted any number of airborne diseases or sicknesses from the mold, stopped-up sinks, toilets, dripping water from the ceiling, poor ventilation from filthy air vents and stagnant air."[21] He asserts that these conditions cause him to use his inhaler four times a day, more frequently than ever

---

[13] Rec. Doc. 22.

[14] Rec. Doc. 32 at 5.

[15] *Id.*

[16] Rec. Doc. 23.

[17] Rec. Doc. 41.

[18] Rec. Doc. 29.

[19] Rec. Doc. 32.

[20] Rec. Doc. 37.

[21] *Id.* at 1.

before.[22] Plaintiff states that he was only provided with one uniform, and he was, therefore, unable to have his uniform cleaned.[23] He contends that this caused him to smell and "itch in various places."[24] Finally, he alleges that there was a lack of security in the prison, which put him at risk and "resulted in [him] feeling paranoid."[25]

On February 19, 2016, Plaintiff filed a Motion for Extension of Time to File Objections to the Report and Recommendation,[26] which the Court granted, giving Plaintiff until March 21, 2016 to file any objections.[27] On March 18, 2016, with leave of Court, Plaintiff filed objections to the Report and Recommendation.[28]

**B.  *Report and Recommendation Findings***

The Magistrate Judge recommends that Plaintiff's claims be dismissed with prejudice as frivolous and/or for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).[29] The Magistrate determined that Plaintiff's complaints regarding the conditions of his confinement concerned inconveniences which do not constitute punishment or rise to the level of a constitutional violation.[30]

---

[22] *Id.*

[23] *Id.* at 2.

[24] *Id.*

[25] *Id.* at 3.

[26] Rec. Doc. 39.

[27] Rec. Doc. 41.

[28] Rec. Doc. 42.

[29] Rec. Doc. 32.

[30] *Id.* at 5.

As to Plaintiff's claim regarding the jail being unclean, the Magistrate found that the conditions were not so egregious as to be considered unconstitutional.[31] He also determined that the presence of mold, rust or dusty air vents was not a constitutional violation.[32]

The Magistrate found Plaintiff's claim regarding clothing without merit because there was no indication Plaintiff was denied additional clothing as a means of punishment.[33] Moreover, the Magistrate noted that Plaintiff did not allege a punitive motivation for the failure to provide additional clothing, and the grievance responses indicate that additional clothing was not provided because it was unavailable.[34] Accordingly, the Magistrate Judge determined that this claim must be dismissed, especially considering the fact that Plaintiff did not allege that the lack of clothing affected him in a personal and individual way.[35]

The Magistrate Judge also found Plaintiff's claim challenging the adequacy of the security at the jail without merit.[36] To the extent Plaintiff was arguing that the jail officials were negligent, the Magistrate noted that such a claim is not cognizable under federal law.[37] To the extent Plaintiff was arguing that jail officials failed to protect him, the Magistrate noted that Plaintiff does not allege that he was placed in harm's way, personally susceptible to being attacked, or that prison officials

---

[31] *Id.* at 5–6.

[32] *Id.* at 6–7.

[33] *Id.* at 7.

[34] *Id.* at 7–8.

[35] *Id.* at 8.

[36] *Id.*

[37] *Id.*

5

were deliberately indifferent to his need for protection.[38]

Finally, the Magistrate found Plaintiff's claim regarding his medical care without merit.[39] The Magistrate found that Plaintiff had not named a proper defendant with respect to his medical claim because none of the defendants played a role in his medical care or worked in the medical department.[40] The Magistrate Judge noted that the defendants could not be held liable under a theory of strict liability or vicarious liability pursuant to 42 U.S.C. § 1983.[41]

Moreover, even if Plaintiff had named a proper defendant, the Magistrate found his underlying claims without merit because a review of Plaintiff's medical records showed that his "medical needs were assessed when he entered the facility and that his needs have been monitored and treated thereafter."[42] The Magistrate Judge noted that absent exceptional circumstances, an inmate's disagreement about his medical condition does not constitute deliberate indifference.[43] Because prison officials were not deliberately indifferent to Plaintiff's medical condition, the Magistrate found that Plaintiff had failed to state a claim.[44]

## C.  *Plaintiff's Objections*

Plaintiff objects to the Magistrate's recommendation.[45] Plaintiff avers that his Eighth and

---

[38] *Id.* at 9.

[39] *Id.* at 10.

[40] *Id.*

[41] *Id.* at 10.

[42] *Id.* at 10–12.

[43] *Id.* at 13.

[44] *Id.* at 14.

[45] Rec. Doc. 42.

Fourteenth Amendment rights were violated when the sheriff and prison staff subjected him to "certain health hazardous conditions at the prison."[46] He contends that the officials acted with deliberate indifference to his needs by negligently ignoring "longstanding conditions that exposed inmates in the jail to a substantive risk of serious harm."[47] He contends that the Court can infer that the sheriff was aware of these conditions because they "were obvious to everyone who worked there."[48]

In support, Plaintiff cites Orleans Parish Jail Monitor's Reports that were filed in a case pending before another section of this Court.[49] He contends that these reports establish that prison officials acted with deliberate indifference by failing to comply with the consent decree and failing to oversee and supervise the routine cleaning of housing units, showers and medical areas.[50] He asserts that the reports found that the prison facilities remain dangerous because compliance proceeded slowly "with barriers that [were] self-imposed and/or resulted from decades of lack of collaboration and absence of shared vision between the sheriff and the City."[51]

Plaintiff contends that he was particularly vulnerable to conditions in the jail due to his asthma condition.[52] He asserts that conditions in the jail resulted in serious medical conditions such

---

[46] *Id.* at 2.

[47] *Id.*

[48] *Id.* (citing *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006)).

[49] *Id.* (citing *Jones v. Gusman*, 12-859 (E.D. La.).

[50] *Id.* at 3.

[51] *Id.* at 4.

[52] *Id.* at 5.

7

as Hepatitis B, Hepatitis C, tuberculosis, cellulitis and cancer.[53] He argues that the failure to treat a prisoner's medical condition "could result in further injury or the unnecessary and wanton infliction of pain."[54] He contends that he suffered from symptoms of "severe chest pain, purulent draining infection, substantial and painful skin infection, swollen and inflamed legs, arms, neck, and glands."[55] He asserts that prison officials acted with deliberate indifference because "the medical care provided was so grossly incompetent, inadequate, and excessive as to shock the conscience or to be intolerable to fundamental fairness."[56] He contends that he suffers from "bad coughing, chest pains, weakness or fatigue, loss of appetite, and sweating at night" due to the conditions in the prison.[57] Plaintiff argues that his asthma makes him sensitive to dust, tobacco, air pollutants, cockroaches and some chemicals.[58] He asserts that the prison should provide treatment for inmates with chronic diseases such as his.[59]

Plaintiff points to the numerous grievance records which he submitted to prison officials.[60] He contends that prison officials knew of these problems but failed to remedy them.[61] Accordingly, Plaintiff asserts that he has established the following claims: (1) deliberate indifference; (2) failure

---

[53] *Id.*

[54] *Id.*

[55] *Id.*

[56] *Id.*

[57] *Id.* at 6.

[58] *Id.*

[59] *Id.*

[60] *Id.* at 7–8.

[61] *Id.*

to protect; (3) inadequate medical care; and (4) unconstitutional conditions in the prison.[62]

## II.  Standard of Review

### A.  *Review of the Magistrate Judge's Report and Recommendation*

When designated by a district court to do so, a United States Magistrate Judge may consider prisoner petitions challenging the conditions of confinement and recommend his/her disposition to the district court judge in accordance with the Magistrate Judge's findings of fact and determinations of law.[63] A district judge "may accept, reject or modify the recommended disposition" of a Magistrate Judge on a dispositive matter.[64] The district judge must "determine *de novo* any part of the [Report and Recommendation] that has been properly objected to."[65] However, a district court's review is limited to plain error of parts of the report that are not properly objected to.[66]

### B.  *Standard for Frivolousness*

A district court has broad discretion in determining the frivolous nature of a prisoner's complaint.[67] A complaint is frivolous if it lacks an arguable basis in law or fact.[68] The law "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those

---

[62] *Id.* at 9.

[63] 28 U.S.C. § 636(b)(1)(B).

[64] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

[65] Fed. R. Civ. P. 72(b)(3).

[66] *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

[67] *See Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998) (citations omitted).

[68] *Id.*

claims whose factual contentions are clearly baseless.'"[69] A claim has no arguable basis in law if "it is based on indisputable meritless legal theory."[70] It lacks a basis in fact if "the facts alleged are clearly baseless."[71] If a court finds that a prisoner's claims are frivolous, the court must dismiss the claims *sua sponte*.[72]

### III.   Law and Analysis

#### A.  Conditions in the Jail

Plaintiff asserts that the jail is unclean, with mold, rust and dusty air vents. The Magistrate Judge found that the conditions in the jail were not so egregious as to be considered unconstitutional. Plaintiff objects to this finding.

The Constitution "prohibits the imposition of conditions of confinement on pretrial detainees that constitute punishment."[73] However, "the Constitution does not mandate prisons with comfortable surroundings or commodious conditions."[74] To establish a constitutional violation an inmate must establish: (1) "that the deprivation alleged was sufficiently serious (i.e., an official's act or omission must have resulted in the denial of the minimal civilized measure of life's necessities)"; and (2) that prison officials acted with deliberate indifference.[75] "Deliberate

---

[69] *Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

[70] *Talib*, 138 F.3d at 213.

[71] *Id.*

[72] *See* 28 U.S.C. § 1915A, 42 U.S.C. § 1997e(c).

[73] *Collins v. Ainsworth*, 382 F.3d 529, 540 (5th Cir. 2004) (internal citations and quotation marks omitted).

[74] *Talib*, 138 F.3d at 215 (internal citations omitted).

[75] *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001) (citing *Farmer v. Brennan*, 511 U.S. 825 (1994)).

indifference is established by showing that the defendant officials '(1) were aware of facts from which an inference of excessive risk to the prisoner's health or safety could be drawn and (2) that they actually drew an inference that such potential for harm existed.'"[76]

Numerous district courts have recognized that institutional problems, such as dust and mold, do not amount to a constitutional violation.[77] Similarly, numerous courts have held that the presence of rust in a prison does not rise to the level of a constitutional violation.[78] Accordingly, to the extent Plaintiff asserts that these factors were present in the prison, the Court finds that he has not stated a constitutional violation as the deprivation alleged was not sufficiently serious.

Further, assuming that Plaintiff's asthma was worsened by conditions at the prison, he has not established that any of the defendants knew of a potential risk of serious harm to him or intentionally ignored that risk. Review of Plaintiff's prison grievance records reveals that he complained of mold and/or dust in the facility approximately nine times over a three month period from December 31, 2014 to March 11, 2016.[79] On each of those occasions, prison staff responded by informing him that cleaning supplies were provided to inmates to eliminate such problems.[80] Moreover, on February 20, 2015, Plaintiff submitted a grievance stating that he was "experiencing

---

[76] *Id.* (quoting *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998)).

[77] *See, e.g.*, *White v. Gusman*, 14-2131, 2014 WL 6065617, at *1 (E.D. La. Nov. 12, 2014); *Eaton v. Magee*, 10-112, 2012 WL 2459398, at *5 (S.D. Miss. June 27, 2012); *Clark v. Gusman*, No. 11-2673, 2012 WL 1825306, at *5 (E.D. La. Mar. 29, 2012), *adopted*, 2012 WL 1825302, at *1 (E.D. La. May 18, 2012); *Marshall v. Allison*, 08-1387, 2011 WL 601178, at *4 (S.D. Miss. Feb. 11, 2011); *Samiia v. Allison*, 09-197, 2010 WL 4225887, at *5–7 (S.D. Miss. Sept. 2, 2010), *adopted*, 2010 WL 4255915 (S.D. Miss. Oct. 20, 2012)).

[78] *See, e.g.*, *Maddox v. Gusman*, 14-2435, 2015 WL 1274081, at *3 (E.D. La. Mar. 19, 2015); *Simmons v. Gusman*, 14-1907, 2015 WL 151113, at *4 (E.D. La. Jan. 12, 2015); *Penn v. Jones*, 13-0830, 2014 WL 31351, at *2 (W.D. La. Jan. 2, 2014).

[79] Rec. Doc. 30-1.

[80] *Id.*

some difficulty with breathing due too [sic] the mildew, and dust in the air from the clogged up ventilation."[81] Prison staff responded to Plaintiff's grievance informing him that he should "submit a sick call request form to the nurse to access health care."[82] Plaintiff points to reports issued by the prison monitor in connection with a consent decree issued as to Orleans Parish Prison on an institutional basis in another section of this Court.[83] However, these reports do not show that prison officials were aware of a specific risk to Plaintiff here and deliberately disregarded that risk. Accordingly, the Court finds that Plaintiff has not established that prison officials knew of the risk and acted with deliberate indifference in disregarding it. Therefore, on *de novo* review, the Court adopts the Magistrate Judge's recommendation that Plaintiff's claim regarding conditions in the jail be dismissed with prejudice as frivolous and/or for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

## B.  Medical Care

Plaintiff also claims that he received inadequate medical care for asthma and other ailments while housed in the jail. The Magistrate found that Plaintiff had not named a proper defendant with respect to his medical claim because none of the defendants played a role in his medical care or worked in the medical department. Moreover, even if Plaintiff had named a proper defendant, the Magistrate found his underlying claims without merit because prison officials were not deliberately indifferent to Plaintiff's medical condition. Plaintiff objects to this finding, arguing that prison officials acted with deliberate indifference because "the medical care provided was so grossly

---

[81] *Id.* at 13.

[82] *Id.*

[83] *Jones v. Gusman*, No. 12-859 (E.D. La.).

incompetent, inadequate, and excessive as to shock the conscience or to be intolerable to fundamental fairness."[84]

Plaintiff has not named a proper defendant with respect to his medical claim. There is nothing in the record to suggest that any of the named defendants played a role in denying Plaintiff medical care. Moreover, none of the named defendants worked in the medical department. Defendants Gusman and Pittman hold supervisory positions in the prison. However, supervisory officials cannot be held liable pursuant to § 1983 under any theory of *respondeat superior* simply because an employee or subordinate at the prison allegedly violated the plaintiff's constitutional rights.[85] The Fifth Circuit has held that "vicarious liability cannot be the basis for recovery against a sheriff for the acts of his subordinates in a suit under [] 42 U.S.C. § 1983 . . . [unless] there is *personal involvement* of the [supervisory] officer being sued."[86] The Fifth Circuit has construed personal involvement to include omissions and breaches of duty, where such omissions or breaches of duty proximately cause a plaintiff's injuries.[87] Here, no such personal involvement has been alleged.

Further, even if Plaintiff had named a proper defendant, the Court finds his medical claim without merit. Claims of deliberate indifference by prison personnel to a prisoner's serious medical

---

[84] Rec. Doc. 42 at 5.

[85] *Alton v. Texas A&M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999) (citing *Monell v. Department of Social Services*, 436 U.S. 658, 691–95 (1978); *Bennett v. City of Slidell*, 728 F.2d 762, 767 (5th Cir. 1984) (en banc)).

[86] *Watson v. Interstate Fire & Cas. Co.*, 611 F.2d 120, 123 (5th Cir. 1980) (citing *Baskin v. Parker*, 602 F.2d 1205 (5th Cir. 1979)) (emphasis added).

[87] *See e.g., Hinshaw v. Doffer*, 785 F.2d 1260 (5th Cir. 1986) ("Although supervisory officials cannot be held [vicariously liable], they may be liable when their own actions or inaction, including a failure to supervise that amounts to gross negligence or deliberate indifference, is a proximate cause of the constitutional violation.").

needs are actionable under § 1983.[88] As noted above, a prison official acts with deliberate indifference if he/she has actual knowledge of a substantial risk of harm and disregards that risk.[89] "[D]isagreement between an inmate and his physician concerning whether certain medical care was appropriate is actionable under § 1983 only if there were exceptional circumstances."[90] "Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference."[91]

A review of the medical records shows that the medical department assessed Plaintiff's condition after he entered the facility,[92] and that he received treatment for back pain, wrist pain, thumb pain and asthma thereafter.[93] It is unclear what, if any, additional medical care Plaintiff believes he should have received. The record does not reflect that prison officials were deliberately indifferent to Plaintiff's medical needs. Accordingly, on *de novo* review, the Court adopts the Magistrate Judge's recommendation that Plaintiff's medical claim be dismissed with prejudice as frivolous and/or for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

## C. Security in the Prison/Failure to Protect

The Magistrate Judge found Plaintiff's claim regarding security in the prison without merit

---

[88] *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976).

[89] *Farmer*, 511 U.S. at 847.

[90] *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995) (citing *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir.1991)). *See also Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).

[91] *Banuelos*, 41 F.3d at 235 (*Mendoza v. Lynaugh*, 989 F.2d 191, 193–95 (5th Cir.1993).)

[92] Rec. Doc. 30-1 at 27–34.

[93] *Id.* at 35–39.

because Plaintiff did not allege that the allegedly inadequate security placed him in harm's way or that prison officials were deliberately indifferent to his needs. In his objections to the Report and Recommendation, Plaintiff asserts that he has stated a failure to protect claim, but he does not make any additional arguments regarding the security in the prison.

A claim that prison officials were negligent is not cognizable under Section 1983.[94] However, the Due Process Clause and the Eighth Amendment requires that prison officials protect inmates from harm during their confinement.[95] "To establish a failure-to-protect claim under § 1983, [a prisoner] must show that he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection."[96] Plaintiff does not assert that the allegedly insufficient security placed him in harm's way or made him susceptible to attack. Accordingly, on *de novo* review, the Court finds that this claim must be dismissed as frivolous and/or for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

### D.  Clothing

The Magistrate Judge found Plaintiff's claim that he was only provided with one uniform without merit because the evidence in the record suggests that Plaintiff was not provided with additional clothing because it was unavailable, and Plaintiff did not allege that he was deprived a uniform as a form of punishment. Plaintiff does not object to this finding. However, in his third amended complaint, filed after the Report and Recommendation was issued, Plaintiff makes

---

[94] *Carnaby v. City of Houston*, 636 F.3d 183, 189 (5th Cir. 2011); *Eason v. Thaler*, 73 F.3d 1322, 1329 n.3 (5th Cir.1996).

[95] *Hare v. City of Corinth*, 74 F.3d 633, 650 (5th Cir. 1996).

[96] *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995).

additional allegations that he was unable to have his clothes laundered due to only having one uniform. Accordingly, the Court will review this issue *de novo*.

The Eighth Amendment requires that prison officials "provide humane conditions of confinement," which includes adequate clothing.[97] The Supreme Court has stated that "[c]onditions must not involve the wanton and unnecessary infliction of pain, nor may they be grossly disproportionate to the severity of the crime warranting imprisonment . . . But conditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional."[98] Interpreting this standard, district courts have held that an inmate may succeed on a claim that he was deprived of clothing only if it is established that the deprivation amounted to the infliction of punishment lacking in penological justification.[99]

Here, Plaintiff's grievance records reflect that he was not provided with another uniform because one was not available.[100] When Plaintiff asked for another uniform, prison officials responded that one was not available, but that laundry was available.[101] In *Gates v. Cook*, the Fifth Circuit found that a prison laundry policy, which required inmates to wash their own clothes with a bar of soap, was not sufficiently serious to implicate the Eighth Amendment.[102] It appears from the grievance records that Plaintiff had access to laundry services. Moreover, the grievance records

---

[97] *Farmer*, 511 U.S. at 832.

[98] *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

[99] *LeMaire v. Maass*, 745 F. Supp. 623, 639 (D. Ore. 1990), *vacated on other grounds*, 12 F.3d 1444, 1455 (9th Cir. 1993); *Knop v. Johnson*, 667 F. Supp. 467, 475 (W.D. Mich. 1987)

[100] Rec. Doc. 30-1.

[101] *Id.* at 7.

[102] 376 F.3d 323, 342 (5th Cir. 2004).

reflect that prison officials responded to Plaintiff's concerns regarding laundry and made laundry services available to him.[103] Accordingly, the Court finds that Plaintiff has not established that prison officials deprived him of additional clothing as a means of inflicting punishment. Therefore, on *de novo* review, the Court adopts the Magistrate Judge's recommendation that Plaintiff's claim that he received inadequate clothing be dismissed with prejudice as frivolous and/or for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Finally, the Court notes that Plaintiff filed a motion for summary judgment.[104] Because the Court finds that Plaintiff's complaint should be dismissed as frivolous and/or for failing to state a claim on which relief may be granted, it follows that he is not entitled to summary judgment in his favor.

---

[103] On February 27, 2015, Plaintiff filed a grievance stating that his laundry had not been done in two weeks. On March 2, 2015, a prison official responded that the machines had been fixed and laundry would be done at night. Rec. Doc. 30-1 at 17. Accordingly, while the record reflects that there were some problems with the laundry services, it also indicates that Plaintiff had access to it and that prison officials were responding to Plaintiff's concerns regarding laundry.

[104] Rec. Doc. 29.

## IV.  Conclusion

For the foregoing reasons, the Court adopts the Magistrate Judge's Report and Recommendation. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections are **OVERRULED**;

**IT IS FURTHER ORDERED** that the Court **ADOPTS** the Report and Recommendation issued by the Magistrate Judge;

**IT IS FURTHER ORDERED** that Plaintiff's "Motion for Summary Judgment" is **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED WITH PREJUDICE** as frivolous and/or for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1).

**NEW ORLEANS, LOUISIANA,** this  25th  day of March, 2016.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

18